# EXHIBIT J

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Sheila K. Ben, Esq., as Court Appointed Guardian
of the Property of JANE DOE, (an infant proceeding
under the assumed name), an Infant under the Age of 14,

      Plaintiff,                                    Case No. 5:14-CV-0370

-vs-

THE UNITED STATES OF AMERICA,

Defendant.

---

Susan Doe (as Guardian and Executrix proceeding
Under an assumed name) as the Court Appointed
Guardian of the Person and Property of JANE DOE,
and as the Executrix of the Estate of Lori A. Bresnahan,
Decedent,

      Plaintiff,                                    Case No. 5:14-CV-0509

-vs-

THE UNITED STATES OF AMERICA,

Defendant.

---

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

      It is hereby stipulated by and between the undersigned Plaintiffs (meaning any person, other than the defendants and the parties' attorneys signing this agreement waiving and releasing claims, whether or not a party to this civil action), and the Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"), collectively, "the parties," by and through their respective attorneys, as follows:

      1.      The parties to this Stipulation for Compromise Settlement and Release

(hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

2.    This Stipulation is not, is in no way intended to be, and should not be, construed as an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3.    In consideration for Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay Plaintiffs the sum of $5 Million Dollars ($5,000,000.00) (hereinafter "Settlement Amount") as follows:

a.    Within three business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) the Social Security numbers or tax identification numbers of Plaintiffs and their attorneys; (3) Order(s) from a court or courts of competent jurisdiction approving the settlement on behalf of            , a minor (referred to in the caption above as Jane Doe), and the Estate of Lori Bresnahan; and (4) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will send a request to the United States Treasury requesting that a check for the Settlement Amount, made payable to Sheila Ben, as Court Appointed Guardian of the Property of            a minor, and            (referred to in the caption above as Susan Doe), Executrix of the Estate of Lori Bresnahan, be delivered to the United States Attorney's Office for the Western District

of New York to hold until Plaintiffs have obtained an Order from the United States District Court for the Western District of New York dismissing this action in its entirety with prejudice, with each party to bear its own costs, expenses, and fees, and expressly not retaining jurisdiction over the above-captioned action, this settlement, or the United States. Upon entry of said Order, the United States will tender said check to Plaintiffs' attorney.

b.   With respect to the payment of the Settlement Amount, Plaintiffs stipulate and agree that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Settlement Amount into a qualified settlement fund or an equivalent fund or account. Plaintiffs further stipulate and agree that they, their attorney(s), any Guardian Ad Litem, and their representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Settlement Amount in any way, form, or manner, including by placing any of the Settlement Amount into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 3.b precludes Plaintiffs from purchasing non-qualifying annuities after Plaintiffs have cashed the Settlement Amount check, but they agree that they will not represent to any person, entity, or agency that they are purchasing structured settlement annuities and they agree they will not attempt to purchase such structured settlement annuities.

c.   Plaintiffs agree to endorse the Settlement Amount check over to their attorneys to be deposited in their attorneys' client trust account to facilitate the disbursement of the Settlement Amount as ordered by the court(s) approving the settlement on behalf of minor, and the Estate of Lori Bresnahan. Plaintiffs stipulate and agree that their

attorneys shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment or reimbursement, including any such liens or claims by Medicaid (including the State of New York or any other state) or Medicare, arising out of the subject matter that gave rise to the above-captioned action, whether disputed as legally valid or not, and shall not distribute to Plaintiffs any portion of the escrowed amount unless and until said liens and claims have been paid or resolved.

      d.   The parties agree that any attorneys' fees owed by Plaintiffs in their Federal Tort Claims Act suit against the United States shall not exceed twenty-five percent (25%) of the Settlement Amount.   28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses of this action against the United States and their costs, expenses, and fees (including all fees of any legal Guardian Ad Litem) associated with obtaining any court approval of this settlement on behalf of Plaintiffs, shall be paid out of the Settlement Amount and not in addition thereto. The parties further agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

      4.   Plaintiffs and Plaintiffs' guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns hereby accept the terms and conditions of this Stipulation, including payment of the Settlement Amount, in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown,

foreseen and unforeseen, bodily and personal injuries, including the death of Lori Bresnahan, or damage to property, and the consequences thereof, which Plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States on account of the subject matter of that gave rise to the above-captioned action.

Plaintiffs, on behalf of themselves, their respective heirs, executors, administrators, assigns, predecessors and successors in interest, do hereby, for good and valuable consideration, the receipt of which is hereby acknowledged, release and forever discharge the United States, and its respective officials, agencies, representatives, officers, employees agents, assigns and attorneys, from any and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiffs have had, now have or hereafter may have with respect to the same subject matter that gave rise to the above-captioned action, as well as claims relating to or arising out of the subject matter that gave rise to the above-captioned action that could have been but were not alleged in this action.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

The Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further stipulate and agree that they are legally responsible for any and all past, present, and

future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid (including State of New York), and Medicare, arising from the injuries that are the subject matter of this action. The Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity. Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorney representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

5.   This compromise settlement is specifically subject to each of the following conditions:

a.   The Attorney General or the Attorney General's duly authorized designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the parties, as set forth in this Stipulation.

b.   The parties must agree in writing to the terms, conditions, and requirements of this Stipulation. The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this

Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The parties must agree to the terms, conditions, and requirements of this Stipulation before the United States will seek settlement authority from the Attorney General or the Attorney General's designee.

      c.   Plaintiffs must obtain, at their expense, approval of the settlement by a court(s) of competent jurisdiction on behalf on behalf of                 , minor, and the Estate of Lori Bresnahan. The terms of any court Order, a draft of which shall be provided by the United States, are a condition of this settlement. Plaintiffs agree to obtain such approval in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event Plaintiffs fail to obtain such court approval, the entire Stipulation and the compromise settlement are null and void. Plaintiffs must obtain such court Order before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

      c.   Plaintiffs must provide the United States with a complete set of the **extant** medical records of                 (including any independent medical examinations conducted for purposes of this litigation, any and all clinic visits, whether for routine checkups or for treatment and care for any medical condition, injury, disease, etc., any and all hospital and emergency room records, and any records of any diagnostic testing) for the 36-month period prior to the date Plaintiffs sign this Stipulation. Plaintiffs must provide all such **extant** medical records for said 36-month period before the United States will seek settlement authority from the Attorney General or the Attorney General's designee. As of the date they sign this

Stipulation, Plaintiffs and their attorneys represent that they have conducted a due diligence search of all files, records, documents, and information in their possession or available to them, and that, after having conducted said due diligence search, they are unaware of, and have no knowledge of, any such extant medical records that were not previously produced to the United States by Plaintiffs. In the event said records and reports reveal that

⋯d or has any such potentially life-threatening or life-shortening diseases or illnesses not caused by the medical care at issue in this action, the United States reserves the right to elect not to consummate the settlement and upon such election by the United States the entire settlement is null and void.

d.    Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the subject matter of the above-captioned action. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor. Before the United States will seek settlement authority from the Attorney General or the Attorney General's designee, Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.d., or (ii) a written representation by Plaintiffs' attorney stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of Plaintiffs' records and files, Plaintiffs and their attorney are unaware of any such potential tortfeasor.

e.    In the event there are any currently known liens or claims for payment or reimbursement, including any liens or claims by Medicaid (including the State of New York

or any other state) or Medicare, arising out of the subject matter that gave rise to the above-captioned action, whether disputed as legally valid or not, Plaintiffs must obtain a release and waiver from any State, private entity, or private individual who claims to have such lien or claim. For purposes of this Stipulation, such lien or claim includes but is not limited to, a claim or cause of action for reimbursement for any payments made to or on behalf of Plaintiffs or a claim or cause of action for reimbursement for any goods or services provided or furnished to or on behalf of Plaintiffs.   Plaintiffs must obtain such release and waiver before the United States will seek settlement authority from the Attorney General or the Attorney General's designee. Plaintiffs and their attorneys agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder or claimant has waived and released such lien or claim. The evidence required by the terms of this paragraph may be satisfied by a letter from Plaintiffs' attorneys representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder or claimant has waived and released such lien and claim.

      f.   The United States District Court for the Western District of New York must dismiss the United States from this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above-captioned action, this settlement, or the United States.

      6.   The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiffs expressly consent to such release and disclosure pursuant

to 5 U.S.C. § 552a(b).   Provided, however, that the parties will redact the names of ___
from this Stipulation prior to any release and disclosure.

7.   Compliance with all applicable Federal, state, and local tax requirements shall be the sole responsibility of Plaintiffs. This Stipulation is executed without reliance upon any representation by Defendant as to tax consequences, and Plaintiffs are responsible for the payment of all taxes that may be associated with the settlement. Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds, and Plaintiffs acknowledge that the settlement may be subject to taxes, offsets, levies, and liens and they further acknowledge that this Stipulation is executed without reliance on any representation by Defendant as to the application of any such law.

8.   Plaintiffs represent that they have read, reviewed and understand this Stipulation, and that they are fully authorized to enter into the terms and conditions of this agreement and that they agree to be bound thereby. Plaintiffs further acknowledge that they enter into this Stipulation freely and voluntarily. Plaintiffs further acknowledge that they have had sufficient opportunity to discuss this Stipulation with their attorneys, who have explained the documents to Plaintiffs and that Plaintiffs understand all of the terms and conditions of this Stipulation and the Reversionary Trust.

9.   It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

**WHEREAS,** the parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

Executed this_____day of_____, 2018.

UNITED STATES OF AMERICA


By:    _____

           Michael S. Cerrone
           Assistant United States Attorney
           Attorney for Defendant United States of America

Executed this_____day of_____, 2018.

WILLIAMS & RUDDEROW

ATTORNEYS FOR PLAINTIFF                              as Executrix of the Estate of Lori
Bresnahan


By:     _____
        Michelle Rudderow, Esq.
        Attorney for Plaintiff              as Executrix of the Estate of Lori Bresnahan

By:     _____
        Robert Williams, Esq.
        Attorney for Plaintiff              , as Executrix of the Estate of Lori Bresnahan

Executed this_____day of_____, 2018.

CHERUNDOLO LAW FIRM

ATTORNEYS FOR PLAINTIFF SHEILA BEN as Court Appointed Guardian of the Property of                    , a minor

By:      _____
         John Cherundolo, Esq.
         Attorney for Plaintiff Sheila Ben, as Court Appointed Guardian of the Property of
                            minor

By:      _____
         Robin Zimpel Fontaine, Esq.
         Attorney for Plaintiff Sheila Ben, as Court Appointed Guardian of the Property of
                            minor

Executed this___      ___day of_____, 2018.


By:_____
Sheila Ben, as Court Appointed Guardian of the Property of                        , a minor

Executed this_____day of_____, 2018.
THE ESTATE OF LORI BRESNAHAN


By:_____

                                   Executrix of the Estate of Lori Bresnahan

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

Sheila K. Ben, Esq., as Court Appointed Guardian
of the Property of JANE DOE, (an infant proceeding
under the assumed name), an Infant under the Age of 14,

       Plaintiff,                                 Case No. 5:14-CV-0370

-vs-

THE UNITED STATES OF AMERICA,

Defendant.

_____

Susan Doe (as Guardian and Executrix proceeding
Under an assumed name) as the Court Appointed
Guardian of the Person and Property of JANE DOE,
and as the Executrix of the Estate of Lori A. Bresnahan,
Decedent,

       Plaintiff,                                 Case No. 5:14-CV-0509

-vs-

THE UNITED STATES OF AMERICA,

Defendant.

_____

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

      It is hereby stipulated by and between the undersigned Plaintiffs (meaning any person, other than the defendant, the parties' attorneys, and the settlement broker, signing this agreement waiving and releasing claims, whether or not a party to this civil action), and the Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"), collectively, "the parties," by and through their respective attorneys, as follows:

Page **1** of **18**

1.   The parties to this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

2.   This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3.   In consideration for Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay the cash sums set forth below in Paragraph 3.a. and to purchase the annuity contract described below in Paragraph 3.b.

a.   Within three business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) the Social Security number or tax identification number of Plaintiffs and their attorneys; (3) Order(s) from a court or courts of competent jurisdiction approving the settlement on behalf of                    , a minor (referred to in the caption above as Jane Doe), and the Estate of Lori Bresnahan; and (4) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will send a formal request to the United States Department of the Treasury requesting that the sum of $5 Million Dollars ($5,000,000) (hereinafter "Settlement Amount") be expeditiously sent by electronic funds transfer ("EFT") to Alonza Group, LLC d/b/a Fazio National ("Fazio National"). Within

five business days after Fazio National has received a copy of the birth certificate and copy of

the social security card of Christine Bresnahan, and the Settlement Amount, Fazio National

agrees to distribute the Settlement Amount, as provided below in subparagraphs 3.a.(1) and

3.a.(2).

(1)   Fazio National will issue a check in the amount of $2 Million Dollars ($2,000,000)

(hereinafter "Upfront Cash") made payable to Sheila Ben, as Court Appointed Guardian of

the Property of (                              a minor, and                              referred to in the caption

above as Susan Doe), Executrix of the Estate of Lori Bresnahan, and deliver said check to the

United States Attorney's Office for the Western District of New York to hold until Plaintiffs

have obtained an Order from the United States District Court for the Western District of New

York dismissing this action in its entirety with prejudice, with each party to bear its own costs,

expenses, and fees, and expressly not retaining jurisdiction over the above-captioned action,

this settlement, or the United States.   Upon entry of said Order, the United States will tender

said check to Plaintiffs' attorneys.

With respect to the payment of the Upfront Cash, Plaintiffs stipulate and agree that

the United States will not sign an annuity application form, a uniform qualified settlement

form, or any equivalent such forms, and that the United States will not pay the Upfront Cash

into a qualified settlement fund or an equivalent fund or account.   Plaintiffs further stipulate

and agree that they, their attorney(s), any Guardian Ad Litem, and their representatives

(including any structured settlement annuity broker, regardless of whether said broker was

retained by them or by someone else, either before, during, or after the settlement) will not

attempt to structure the Upfront Cash in any way, form, or manner, including by placing any

of the Upfront Cash into any qualified settlement fund or its equivalent. However, nothing in

this Paragraph 3.a.(1) precludes Plaintiffs from purchasing non-qualified annuities after Plaintiffs have cashed the Upfront Cash settlement check, but they agree that they will not represent to any person, entity, or agency that they are purchasing qualified structured settlement annuities and they agree they will not attempt to purchase such structured settlement annuities.

Plaintiffs agree to endorse the Upfront Cash check over to their attorneys to be deposited in the attorneys' client trust account to facilitate the disbursement of the Upfront Cash as ordered by the court(s) approving the settlement on behalf of                    , a minor, and the Estate of Lori Bresnahan. Plaintiffs stipulate and agree that their attorneys shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment or reimbursement, including any such liens or claims by Medicaid (including the State of New York or any other state) or Medicare, arising out of the subject matter that gave rise to the above-captioned action, whether disputed as legally valid or not, and shall not distribute to Plaintiffs any portion of the escrowed amount unless and until said liens and claims have been paid or resolved.

(2)   For the purchase of the annuity contract described below in Paragraph 3.b., Fazio National will disburse the sum of $3 Million Dollars ($3,000,000) (hereinafter "Annuity Purchase Price") to an annuity company(ies), rated at least A by A.M. Best rating service.

The parties agree that any attorneys' fees owed by Plaintiffs in their Federal Tort Claims Act suit against the United States shall not exceed twenty-five percent (25%) of the Settlement Amount. 28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses of this action against the United States and their costs, expenses, and fees (including all fees if any legal Guardian Ad Litem) associated with

obtaining any court approval of this settlement on behalf of Plaintiffs, shall be paid out of the Upfront Cash paid pursuant to paragraph 3.a. (1) above, and not in addition thereto. The parties further agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

b. Based on the following terms and conditions, the United States will purchase the following annuity contract:

(1) An annuity contract to pay to                    ͼ to an account established in the name of, or for the benefit of,                    the sum of $3 Million Dollars ($3,000,000).

In the event the cost of the annuity contract has either increased or decreased by the date of purchase, the monthly annuity payments set forth above shall be adjusted upward or downward to ensure that that the premium cost of the annuity contract is equal to $3 Million Dollars ($3,000,000) and not more or less than that amount. The monthly annuity payments are based upon the date of birth for                    f November 25, 2002 that was provided by Plaintiffs. If the date of birth is otherwise, the monthly annuity payments will be adjusted accordingly. Upon the death of                    any payments remaining during periods certain shall be made payable to the Estate of                    or to a person or entity designated by                    ͻr the annuitant's legal guardian during                    lifetime, provided that any such designation is on a form acceptable to the annuity company and the United States.

(2)   The annuity contract being purchased pursuant to this Paragraph 3.b. will be owned solely and exclusively by the United States and will be purchased through Fazio National as specified above in Paragraph 3.a. The parties stipulate and agree that the United States' only obligation with respect to an annuity contract and any annuity payments therefrom is to purchase said contract, and they further agree that the United States does not guarantee or insure any of the annuity payments. The parties further stipulate and agree that the United States is released from any and all obligations with respect to an annuity contract and annuity payments upon the purchase of said contract.

(3)   The parties stipulate and agree that the annuity company that issues an annuity contract shall, at all times, have the sole obligation for making all annuity payments. The obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid check in the amount of such payment to the address designated by the party to whom the payment is required to be made under this Stipulation. Payments lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company, but the annuity company is not liable for interest during the interim.

(4)   The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties, that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner, and that Plaintiffs shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

(5)   Plaintiffs and Plaintiffs' guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns do hereby agree to maintain with the annuity company and the

United States a current mailing address for                            and to notify the annuity

company and the United States of any event upon which the right of payments may depend,

including the death of                            ithin ten (10) days of death.  Plaintiffs and

Plaintiffs' guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns

do hereby further agree to provide to the annuity company and the United States a certified

death certificate within sixty (30) days of the death of ´

4.  Plaintiffs and Plaintiffs' guardians, guardian ad litem (if any), heirs, executors,

administrators, and assigns hereby accept terms and conditions of this Stipulation, including

the sums set forth above in Paragraph 3.a. and the purchase of the annuity contract set forth

above in Paragraph 3.b, in full settlement, satisfaction, and release of any and all claims,

demands, rights, and causes of action of any kind, whether known or unknown, including

any future claims for survival or wrongful death, and any claims for fees, interest, costs, and

expenses, arising from, and by reason of, any and all known and unknown, foreseen and

unforeseen, bodily and personal injuries, including the death of Lori Bresnahan, or damage

to property, and the consequences thereof, which Plaintiffs or their heirs, executors,

administrators, or assigns may have or hereafter acquire against the United States on account

of the subject matter that gave rise to the above-captioned action.

Plaintiffs, on behalf of themselves, their respective heirs, executors, administrators,

assigns, predecessors and successors in interest, do hereby, for good and valuable

consideration, the receipt of which is hereby acknowledged, release and forever discharge the

United States, and its respective officials, agencies, representatives, officers, employees,

agents, assigns and attorneys, from any and all claims, demands, rights, causes of actions,

liens, and all other liabilities whatsoever, whether known or unknown, suspected or

unsuspected, that Plaintiffs have had, now have or hereafter may have with respect to the same subject matter that gave rise to the above-captioned action, as well as claims relating to or arising out of the subject matter that gave rise to the above-captioned action that could have been but were not alleged in this action.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

The Plaintiffs and Plaintiff's guardians, heirs, executors, administrators, and assigns further stipulate and agree that they are legally responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid (including State of New York), and Medicare, arising from the injuries that are the subject matter of this action.  Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity. Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim. The evidence required by the terms

of this Paragraph may be satisfied by a letter from Plaintiffs' attorney representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

5.    This compromise settlement is specifically subject to each of the following conditions:

a. The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the parties, as set forth in this Stipulation.

b. The parties must agree in writing to the terms, conditions, and requirements of this Stipulation.   The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The parties must agree to the terms, conditions, and requirements of this Stipulation before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

c.                              must be alive at the time the annuity contract described in Paragraph 3.b. is purchased. In the event of the death of                    prior to the date the annuity contract is purchased, the entire Stipulation and compromise settlement are null and void.

d. Plaintiffs must obtain, at their expense, approval of the settlement by a court(s) of competent jurisdiction on behalf of ⁻                    , a minor, and the Estate of Lori Bresnahan.   The terms of any court Order, a draft of which shall be provided by the United States, are a condition of this settlement. Plaintiffs agree to obtain such approval in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event Plaintiffs fail to obtain such court approval, the entire Stipulation and the compromise settlement are null and void. Plaintiffs must obtain such court Order before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

e.   Plaintiffs must provide the United States with a complete set of the **extant** medical records of                    (including any independent medical examinations conducted for purposes of this litigation, any and all clinic visits, whether for routine checkups or for treatment and care for any medical condition, injury, disease, etc., any and all hospital and emergency room records, and any records of any diagnostic testing) for the 36-month period prior to the date Plaintiffs sign this Stipulation. Plaintiffs must provide all such **extant** medical records for said 36-month period before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee. In the event said records and reports reveal that                    had or has any such potentially life-threatening or life-shortening diseases or illnesses not caused by the medical care at issue in this action, the United States reserves the right to elect not to consummate the settlement and upon such election by the United States the entire settlement is null and void.

f.   Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the subject matter of the above-captioned action. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor. Before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee, Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.f., or (ii) a written representation by Plaintiffs' attorney stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of Plaintiffs' records and files, Plaintiffs and their attorney are unaware of any such potential tortfeasor.

g.   The United States District Court for the Western District of New York must dismiss this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above-captioned action, this settlement, or the United States.

6.   The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).   Provided, however, that the parties will redact the names of ⟨

⟩om this Stipulation prior to any release and disclosure.

7.   Compliance with all applicable Federal, state, and local tax requirements shall be the sole responsibility of Plaintiffs. This Stipulation is executed without reliance upon any

representation by Defendant as to tax consequences, and Plaintiffs are responsible for the payment of all taxes or offsets that may be associated with the settlement. Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds, and Plaintiffs acknowledge that the settlement may be subject to taxes, offsets, levies, and liens and they further acknowledge that this Stipulation is executed without reliance on any representation by Defendant as to the application of any such law.

8.   Plaintiffs represent that they have read, reviewed and understand this Stipulation, and that they are fully authorized to enter into the terms and conditions of this agreement and that they agree to be bound thereby. Plaintiffs further acknowledge that they enter into this Stipulation freely and voluntarily. Plaintiffs further acknowledge that they have had sufficient opportunity to discuss this Stipulation with their attorneys, who have explained the documents to Plaintiffs and that Plaintiffs understand all of the terms and conditions of this Stipulation.

9.   It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

**WHEREAS,** the parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

Executed this_____day of_____, 2018.

UNITED STATES OF AMERICA


By:     _____

        Michael S. Cerrone
        Assistant United States Attorney
        Attorney for Defendant United States of America

Executed this_____day of_____, 2018.

WILLIAMS & RUDDEROW

ATTORNEYS FOR PLAINTIFF                              , as Executrix of the Estate of Lori Bresnahan

By:      _____
         Michelle Rudderow, Esq.
         Attorney for Plaintiff                  as Executrix of the Estate of Lori Bresnahan

By:      _____
         Robert Williams, Esq.
         Attorney for Plaintiff                  as Executrix of the Estate of Lori Bresnahan

Executed this_____day of_____, 2018.

CHERUNDOLO LAW FIRM

ATTORNEYS FOR PLAINTIFF SHEILA BEN as Court Appointed Guardian of the Property of                                    a minor

By:      _____

John Cherundolo, Esq.

Attorney for Plaintiff Sheila Ben, as Court Appointed Guardian of the Property of
          a minor

By:      _____

Robin Zimpel Fontaine, Esq.

Attorney for Plaintiff Sheila Ben, as Court Appointed Guardian of the Property of
          a minor

Executed this _____ day of _____, 2018.


By:_____

Sheila Ben, as Court Appointed Guardian of the Property of        a minor

Executed this_____day of_____, 2018.
THE ESTATE OF LORI BRESNAHAN


By:_____
                    xecutrix of the Estate of Lori Bresnahan

Executed this_____day of_____, 2018.
Alonza Group, LLC d/b/a Fazio National

By:    _____
         William B. Fazio
         Structured Settlement Broker