UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Sheila K. Ben, Esq., as Court Appointed Guardian of the Property of JANE DOE, (an infant proceeding under an assumed name), an Infant under the Age of 14,

                           *Plaintiff*,

vs.

THE UNITED STATES OF AMERICA,

                           *Defendants*.

CASE NO. 5:14-CV-0370 (CJS)
**Action No. 1**

**DECLARATION**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SUSAN DOE, (a Guardian and Executrix proceeding Under an assumed name) as Executrix of the Estate of Lori A. Bresnahan, Decedent,

                           *Plaintiff*,

vs.

THE UNITED STATES OF AMERICA,

                           *Defendants*.

CASE NO. 5:14-CV-509 (CJS)
**Action No. 2**

STATE OF NEW YORK    )
COUNTY OF ONONDAGA )    ss:

It is respectfully alleged:

1. I, Plaintiff Susan Doe[1], am the Executrix of the Estate of Lori A. Bresnahan and the Guardian of the Person and Property of Jane Doe as indicated in the Last Will and Testament of Lori A. Bresnahan and the subsequent Orders/Decrees of the Surrogate's Court for Onondaga County. The Decrees are annexed to the Declaration of Michelle Rudderow, Esq. submitted herewith and incorporated by reference.

2. I submit this Declaration in support of the Joint Motion to approve the Infant and Wrongful Death Compromise in the above-referenced matter.

---

[1] Plaintiff Doe and Jane Doe are permitted by Order to proceed in this matter under an assumed name given the nature of the injuries sustained by Infant, Jane Doe.

3. The decedent died a resident of the County of Onondaga, State of New York on March 14, 2013.

4. On April 26, 2013 and January, 2015 (*see* Exhibits to the Affidavit of Michelle Rudderow) I was given Letters Testamentary and Guardianship by the Surrogate's Court for the County of Onondaga, State of New York.

5. The decedent, Lori A. Bresnahan, at the time of death, was employed as a librarian with the Liverpool Central School District earning a salary upwards of $70,000 per year.

6. At the time of her death, Lori was forty-seven years old, having been born on September 3, 1965.

7. Since virtually the date of the incident that is the subject of the above-captioned matter, and since Lori was a single parent, Jane Doe has been in my custody and care. Lori adopted Jane Doe from China when she was approximately one year old and Jane Doe was Lori's only child. I was very close with both Jane Doe and Lori prior to Lori's death, and was very familiar with their relationship and how Lori was raising Jane Doe. They had a very loving, full, and complementary mother-daughter relationship.

8. The injuries that resulted in the decedent's death were sustained on March 14, 2013 in Clay, New York. The injuries sustained by Jane Doe were also sustained on March 14, 2013 in Clay, New York. The facts and circumstances surrounding Lori's death and Christine's irreparable injuries are outlined in the Summons and Complaint and in the Declarations of John Cherundolo, Esq. and Michelle Rudderow, Esq.

9. I have personally participated in numerous in person and telephone conferences with Williams & Rudderow. I have also signed numerous authorizations and/or releases to

obtain various types of records on behalf of both Lori Bresnahan and Jane Doe. I have spoken with experts and met with counselors related to, and in preparation for, this litigation and in the best interest of Jane Doe. I have reviewed Interrogatories and other paperwork that required my input and/or information in order to proceed with this litigation. I have provided deposition testimony in this matter. I have traveled from Plattsburg to Syracuse and Rochester on multiple occasions to prosecute this matter. I have spoken with family, friends, teachers, doctors, or otherwise as requested by my attorneys in furtherance of this litigation. I have compiled extensive documentation regarding Lori's work history, financials, and family history. I have done the same when asked to gather information for Jane Doe.

10.   Throughout the last four and a half years and the course of this litigation, I have been advised consistently by my counsel at Williams & Rudderow, PLLC and have been involved in decision making.

11.   In August, 2018 I attended a mediation with Williams & Rudderow, Ms. Ben, and the Cherundolo Law Firm. The purpose of the mediation was to attempt to negotiate a settlement with the United States. Prior to the mediation, I was extensively informed by Williams & Rudderow, PLLC what the risks of settlement could potentially be. We also discussed the benefits of settlement. As for risks, it was thoroughly explained that once the matter is settled against a defendant, there is no ability to obtain any additional recovery for the same action or injuries against that same defendant. It was also explained to me that at the time of trial, the amount settled on prior to trial with a defendant can be used to offset any potential verdict against the non-settling defendant. This was explained to me carefully and I understand what the risks were and are. I believe that it is in the Estate's and Jane Doe's best interest to settle this matter against the Defendant, United States. When evaluating the potential liability of

each defendant and when given an opportunity to protect Jane Doe's financial interests (not to mention her psychological interests), I find settlement with the Defendant in the amount of $5,000,000 to be in the best interest of Jane Doe and the Estate.

12. I believe, after participating in this negotiation and being advised by counsel, that this is the largest amount that can be obtained without further litigation.

13. I believe that the amount of $5,000,000 is a fair and reasonable amount and eliminates the risk of a lower or no recovery against the Defendant at the time of trial, especially when potential offsets may be considered.

14. I also understand that this amount is only against the United States. With this final settlement approved, the potential of Jane Doe having to testify at deposition or trial is now eliminated. I do not want her to be put through testimony or trial if it can be prevented.

15. At the time of Lori's death, she left a sole survivor in Jane Doe. Jane Doe is the sole beneficiary of the Estate of Lori Bresnahan.

16. I executed a Retainer Agreement for the services of Williams & Rudderow (a copy of which is attached to the Affidavit of Michelle Rudderow). The Retainer Agreement reflects that Williams & Rudderow would be entitled to recovery of their disbursements advanced to litigate this matter and 33 1/3 percent of any net proceeds to compensate them for their work. It is also my understanding that according to federal statute, attorney's fees are limited to 25% of any recovery. Therefore, it is my understanding and I agree that Williams & Rudderow and the Cherundolo Law Firm will receive 25% of any recovery to be split equally between them to reflect their attorneys' fees.

17. It is and has been my understanding that the expenses and work done in this matter are and have been immense. I have been advised of the costs of travel, experts,

transcripts, etc. and am aware of the fact that in addition to those costs already recouped from any prior settlement, the unpaid costs amount to $17,351.43, with $14,286.91 advanced by Williams & Rudderow and $3,064.52 advanced by the Cherundolo Law Firm. I was made aware of costs while they were being expended, understanding that it was necessary in order to not just prove our case, but to get to the bottom of how it came to be that Lori was murdered and Jane Doe was raped.

18. I now have no objection to these costs being recouped by Williams & Rudderow from the $5,000,000 settlement proceeds in the event this settlement is approved. I further have no objection to the additional disbursements being paid to the Cherundolo Law Firm or Sheila Ben, Esq. as set forth in the Affidavit of John Cherundolo.

19. I agree to the following and request that the Court approve the Wrongful Death and Infant Compromise:

    a. That $14,286.91 be paid to the firm of Williams & Rudderow to reflect their disbursements spent to date;

    b. That $3,064.52 be paid to the Cherundolo Law Firm; and

    c. Of the remaining amount ($4,982,648.57), that 1/4 or 25% of the settlement proceeds be paid to Williams & Rudderow, PLLC and the Cherundolo Law Firm to be split equally per their agreement, totaling $1,245,662.14 (or $622,831.07 to each respective firm).

20. Of the remaining $3,736,986.43 which reflects the net settlement to Susan Doe as the Executrix of the Estate of Lori Bresnahan and to Sheila Ben, Esq. as the Guardian of the Property of Infant Plaintiff, Jane Doe, I request that the following be approved and/or Ordered.

21. Barring an Order compelling Defendant to permit our structure consultant to share fees with the Defendant's, I request that $3,736986.43 be placed into an existing Trust for the sole benefit of Jane Doe. If this Court Orders the Defendant to allow fee sharing between consultants, I will consider structure proposals.

22. The above-referenced Trust will be supplied on request.

23. I have been advised that there are no liens asserted against the Estate of Lori Bresnahan or against me as her Executrix. I have also been advised that there are no creditors claims against same.

24. I ask for no fees or other compensation for my role as the Executrix of the Estate or as the Guardian of Jane Doe. I waive any claim for statutory commissions and waive the filing of a surety bond.

25. I was responsible for paying, and did pay, funeral expenses associated with the burial of Lori Bresnahan in the amount of $8,330.00. I seek no reimbursement for same. There are no medical bills or hospital bills outstanding. There are no assignments, creditor claims, compensation claims, or liens filed with me, as the executrix, or with the Onondaga County Surrogate related to this Estate. I ask for no money to be set aside separate and apart from the Trust or structured settlements for the care of Jane Doe while she is in my care and custody.

26. Prior to this incident, neither the decedent nor Jane Doe were the recipients of public assistance in any form.

27. No previous application has been made for the relief sought herein.

28. I now request leave of this court to compromise and settle with the only remaining

Defendant in this matter, as the Executrix of the Estate of Lori Bresnahan and pursuant to the powers granted to me by the Surrogate for the County of Onondaga, State of New York from the wrongful death of the decedent, and to fix reasonable attorney's fees and to pay the distributee her share of the settlement pursuant to the provisions of the law, to deposit those sums in a trust as outlined in the accompanying affidavits for the sole benefit of Jane Doe, to execute releases to do same, and to settle the account of the Executrix.

29. I have not become interested in this matter at the instance of the defendant or anyone acting on the defendant's behalf, directly or indirectly.

Dated: ~~October~~ November 26, 2018

_Susan Doe_
Susan Doe

Sworn to before me this 26 day of ~~October~~ November, 2018.

_Michelle Rudderow_
Notary Public

MICHELLE ELLSWORTH RUDDEROW
NOTARY PUBLIC-STATE OF NEW YORK
No. 02RU6216446
Qualified in Onondaga County
My Commission Expires 11/29/22